## NARCISSO DUHAYLONGSUD *v.* HAWAIIAN HOTELS, LIMITED.

### No. 2291.

Submitted February 5, 1937.             Decided May 29, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

On January 4, 1934, Narcisso Duhaylongsud was and for a long period of time had been an employee of the Hawaiian Hotels, Limited, a local corporation, performing services as gardener and other similar work in and about the premises of the Royal Hawaiian Hotel, owned and operated by the company, at Waikiki, city of Honolulu. On the day aforesaid he was engaged in dismantling and taking down an aerial pole belonging to the Royal Hawaiian Transport Company located in the vicinity of the hotel.

While thus engaged he accidentally fell from the pole and was seriously injured, resulting in his confinement in a hospital for more than a year. In due time he presented to the industrial accident board, under chapter 245, R. L. 1935, his claim for compensation against his employer, the hotel company. After hearing, the board made an award in favor of the claimant. The hotel company thereupon perfected an appeal to the circuit court which, at the conclusion of the trial, affirmed the action of the board. The hotel company comes to this court by exceptions to the decision and judgment of the circuit court.

The injury is admitted by appellant and the reasonableness of the award is not in controversy. Stated broadly, appellant's twelve exceptions present but one general question, namely, was the evidence presented to the court below of that substantial character sufficient as a matter of law to sustain the judgment. The appellant summarizes its grounds of defense as follows: "(1) That there was no causal connection between the course of employment of the appellee and the injury complained of, which injury was sustained wholly outside of the employment of the appellee and while the latter was engaged in an undertaking solely for his own personal benefit and gain; (2) that the employer did not consent to the proposed method of repairing the aerial pole and that in climbing the pole the appellee was, in fact, disobeying the instructions of the employer; (3) that the accident arose wholly from the conduct of the appellee in adopting a hazardous means of repairing the pole, whereas his employment was not such as to imply any discretion in his mode of working."

Section 7480, R. L. 1935, provides that to warrant an award of compensation to an injured employee under chapter 245, R. L. 1935, the accidental injury must arise out of and in the course of the employment. (See *Wong Chee* v. *Yee Wo Chan,* 26 Haw. 785.) If it were true, as claimed

by appellant, that the injured workman at the time of the accident was performing an independent service for the owner of the aerial pole and was not under the direction or control of the hotel company but had for the time being ceased to be in its service, there of course can be no recovery. The claimant testified that he was directed by Mr. MacGillivray, his superior acting in behalf of the hotel company, to perform the services out of which the injury arose. If his testimony is to be believed the injury sustained by him not only arose out of but was within the course of his employment as a servant of the hotel company.

Many cases have arisen where an employer has loaned his employee to a third person to perform temporary services for the latter. In such a case the status of the loaned employee can only be determined by the peculiar circumstances of each case as they arise in the infinitely varied affairs of human activity. It is of course true that one may be in the general service of another and nevertheless with respect to particular work may be transferred with his own consent or acquiescence to the services of a third person so that he becomes a servant of that person with all the legal consequences of the new relation. Where one wishes a certain work to be done for his benefit and neither has the persons in his employ who can do it nor is willing to take such persons into his general service, he may enter into an agreement with another. If that other furnishes him with men to do the work and places them under his exclusive control in the performance of the work these men become *pro hac vice* the servants of him to whom they are furnished. They become his special employees. And when determining whether in any given case an employee is the servant of his original master or of the party to whom he has been loaned "the test is whether, in the particular service which he is engaged to perform, he continues liable

to the direction and control of his master or becomes subject to that of the party to whom he is lent or hired. * * * The real test of what constitutes special employment may be said to be found in the character of the control and supervision exercised by the alleged special employer over the work and the employee engaged in the doing of the same." *Stacey Bros. Gas Const. Co.* v. *Industrial Acc. Commission,* 239 Pac. 1072. (See also *Driscoll* v. *Towle,* 181 Mass. 416; *The Standard Oil Co.* v. *Anderson,* 212 U. S. 215.)

In the case at bar there was ample evidence to sustain the trial judge in his conclusions that the injured workman (the claimant) was directed by his superior, MacGillivray, to take down the pole which the transportation company desired to have dismantled and removed; that the relation of employer and employee which had existed for a long period between the hotel company and the workman was at no time terminated or interrupted prior to the accidental injury of the latter; that the workman at all times remained under the sole employment, direction and control of the hotel company and never was the employee or servant of the owner of the aerial pole nor under its direction or control. It is true MacGillivray's testimony was in conflict with that of the claimant. The testimony of MacGillivray and Freitas, another witness who testified in behalf of appellant, was also conflicting.

The workman's employment by the hotel company was not casual but permanent in character and the case at bar therefore does not come within the rule of casual employment adopted by this court in *Correa* v. *Ramsay, Ltd.,* 32 Haw. 735.

Similarly as the industrial accident board had previously done the judge of the trial court evidently believed the testimony of the claimant and found therefrom that the

accidental injury sustained by claimant arose out of and in the course of his employment as a servant of the hotel company. There was no substantial evidence showing or tending to show that in performing the services which resulted in his injury the claimant failed to employ a usual, normal or customary means to dismantle and raze the aerial pole or in doing so he had adopted a hazardous, as distinguished from a safe, course to accomplish that purpose. The present case, therefore, is clearly distinguishable from *Honda* v. *Higa,* 33 Haw. 576.

The trial court found "that the evidence shows that the said injury was received while the claimant was engaged in work on an aerial pole, which work was being carried on during regular working hours under the authority and direction of claimant's superior in the service of defendant corporation, and that said accident occurred while claimant was engaged in the service of said employer." If we accord to the findings of the trial judge that degree of weight to which this court has repeatedly held such findings are entitled, it follows that the decision and judgment appealed from cannot be disturbed.

Having with care considered all of the exceptions presented by appellant we find them to be without merit. The exceptions are therefore overruled.

*F. E. Thompson* and *J. P. Russell* for appellant.

*E. R. McGhee* and *M. L. Heen* for appellee.